```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :    CRIMINAL ACTION
                                :
         v.                     :
                                :
JERMAINE SINGLETON              :    NO. 02-172-22
----------------------------------------------------------------
JERMAINE SINGLETON              :    CIVIL ACTION
                                :
         v.                     :
                                :
UNITED STATES OF AMERICA        :    NO. 10-3461
```

ORDER

AND NOW, this 10th day of March, 2011, upon consideration of defendant's motion under 28 U.S.C. § 2255, as amended (docket nos. 2288 and 2294), and the Government's response thereto (docket no. 2330), and after an evidentiary hearing yesterday, and upon consideration of defendant's pro se motion for "ineffectness [sic] of trial counsel and a showing of cause and prejudice" (docket no. 2337) (the "pro se motion"), and the Court finding as to the remaining issue defendant has raised regarding the search warrant executed on February 26, 2002 that:

(a) In two appeals, first of his conviction and second after the resentencing post-Booker, the Court of Appeals has twice canvassed the record regarding the prosecution of this

defendant[1] in the thirty-six defendant drug conspiracy at issue, and so we will not belabor either the charges or the overwhelming evidence of guilt adduced at the trial against Singleton that commenced on May 3, 2004 and resulted in defendant's conviction on May 7, 2004;

 (b) Pertinent to the remaining issue of the § 2255 motion, it is clear that the affidavit of probable cause that was the predicate of the search and seizure warrant issued in late February, 2002 no longer exists, as it was purged from the record given that more than nine years have passed since the warrant was executed;

 (c) As we learned at the hearing, however, one can infer the content of the affidavit of probable cause from the Philadelphia Police Department PARS Report that was admitted as Government Exhibit 1 at yesterday's hearing;

 (d) It also bears stress that the events recorded in the Government's Exhibit 1 were testified to at length at Singleton's trial in early May of 2004, and all of the officers involved in the activity described in the PARS Report were

---

[1] United States v. Singleton, 173 Fed. Appx. 141 (3d Cir., Mar. 22, 2006) and 321 Fed. Appx. 162 (3d Cir., Apr. 14, 2009).

subjected to detailed cross-examination at trial about their acts and observations;

(e)  Thus, the absence at this late date of the actual affidavit of probable cause and search warrant itself from 2002 is in no way prejudicial, nor does it present an impediment to our resolution of this remaining aspect of Singleton's claim;[2]

(f)  It is palpably clear that there was ample probable cause for the issuance of the search warrant in question in that everything contained therein was based upon either the officers' own observations or other information that they had good reason to believe were confirmed;

(g)  At a minimum, the officers who executed the warrant in February of 2002 had no basis to suspect that there was anything false in the affidavit of probable cause or anything that was in reckless disregard for the truth that would have undermined their legitimate reliance upon the warrant's validity

---

[2] Additionally, Singleton's claim in the pro se motion that the warrant did not exist or that the Government failed to turn this warrant over to defense counsel, pro se motion at 2, is fanciful.  Notably, the Government's disclosures to all defendants and their counsel were prodigious and were made available well in advance of the first trial (which commenced in early January of 2004), and no lawyer among the thirty-six vigorous advocates ever lodged a complaint in any way cognate with Singleton's twelfth hour cri de coeur on this point.

under the teaching of United States v. Leon, 468 U.S. 897, 922-24 (1984);

(h) Thus, it could not have been ineffective assistance on the part of trial counsel to fail to move to suppress what was palpably a valid search warrant under the applicable jurisprudence;

(i) In any event, the fruits of the search warrant's execution were, as measured against the Government's overwhelming evidence against this defendant, trivial;

(j) Indeed, it is hard to overstate how persuasive the Government's case against this defendant was, supported, as it was, by:

- The testimony of the supplier, Courtney Carter and his Chief of Staff, Jamal Morris, that squarely put Singleton in the inner circle at the top of this massive drug conspiracy;

- The testimony of John Mingia, Singleton's ultimate customer, of the prodigious quantities of drugs Mingia was purchasing through Singleton;

- The surveillance testimony of no less than four Philadelphia Police Officers, all subject to

4

> extensive cross-examination by Singleton's trial
> counsel; and
>
> - Perhaps more powerful of all, the expert testimony of the case agent, Anthony Tropea, that captured 384 communications between Carter and Singleton, including analysis of Carter's pager information that actually recorded specific purchase information between him and Singleton;

(k) To be sure, and as witnessed by the <u>pro</u> <u>se</u> submission delivered at the close of Singleton's fantastic testimony at yesterday's hearing, this defendant has a limitless capacity for self-delusion that allows him to dismiss all of the evidence against him summarized in (j) above as either imaginary or fabricated;

(l) But of course his trial counsel was not obliged to enter into the bubble of Singleton's fertile imagination and press whatever meritless or fanciful avenues his client might prefer, <u>see</u>, <u>e.g.</u>, <u>McAleese v. Mazurkiewiez</u>, 1 F.3d 159, 169 (3d Cir. 1993) ("[c]ounsel is not ineffective for declining to make a meritless objection") (internal citation omitted);

(m) Thus, even generously read, Singleton has not come close to demonstrating that any failing of trial counsel "fell

5

below an objective standard of reasonableness" much less did anything amiss that prejudiced him, Strickland v. Washington, 466 U.S. 668, 688 (1984);

(n) Put another way, there is no basis whatever upon which we could find ""a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding [here, Singleton's trial] would have different," where "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome", id. at 694, of this defendant's May, 2004 trial;

It is hereby ORDERED that:

1. Singleton's motions are DENIED;

2. Singleton not having raised a substantial constitutional question, we decline to issue a certificate of appealability; and

3. The Clerk shall CLOSE Civil Action No. 10-3461 statistically.

BY THE COURT:


\_\_\s\Stewart Dalzell